The opinion of the court was delivered by
Breaux, J.
Plaintiff moves to dismiss this appeal on the ground alleged that it should have been made returnable to this court at this-place last year; also, on the ground that this court was opened on the second Monday of October, 1890, and each day subsequent to. and including the 29th day of October, 1890, at which time the transcript was filed.
The appeal was granted on the 17th day of October, 1889, too late, to be made returnable to this court’s session last year.
The judicial day of the present session commenced on the 2d inst. From the second Monday to that time the court was opened and closed by the sheriff as duly directed. They were not judicial holidays.
This objection has been passed upon in a number of cases. It no. longer admits of discussion. The appeal was filed in time; the motion is overruled.
On Bill of Exception to Introduction of Evidence.
The defendant offered to prove that plaintiff was not in the employ of the defendant company at the time he was injured.
The object of the evidence was in support of defendant’s allegation in his answer. The plaintiff objected to the introduction of the evidence on the ground, viz: “The answer being a general denial, followed by a special plea of contributory negligence, such plea waives the general issue.”
The court maintained the objection.
It is held that there can be no contributory negligence on the part-of a plaintiff, except in cases where there has been negligence upon the part of defendant. Contributory negligence exists only when the negligence of both parties has combined and concurred in producing the injury. Am. and En. Encyclopedia of Law, Yol. 4, p. 18. In alleging contributory negligence, defendant admits that there is an issue of negligence between it and the plaintiff; not between plaintiff and a third party.
*987 The defendant has accepted the issue as presented and has chosen in its defence to plead contributory negligence.
On trial, evidence offered for the purpose of showing that another was the party who should be sued was properly excluded. The railroad’s ownership was not at issue.